WOODBURY *vs.* NORTHY.

After an arbitrator has made and published his award, he cannot re-examine the merits of the case, even to correct an error, without consent of the parties.

An arbitrator is admissible as a witness to testify the time when, and the circumstances in which, he made his award.

THIS was *assumpsit* on an award made *April* 7, 1823, under a parol submission of all demands, entered into Jan. 12, 1822 ; and was tried upon the general issue before *Smith*, J. in the Court below, from which it came up by exceptions taken by the plaintiff to a nonsuit ordered, *pro forma*, by the Judge.

The arbitrator, being admitted a witness for the defendant, though objected to, testified that he met and heard the parties *March* 4, 1822, and on the same day made and published his award, which he delivered to the plaintiff, and of which he addressed a letter of notice to the defendant, but did not know whether it reached him or not ;—that he awarded to the plaintiff $18,55 debt, and costs taxed at $41,50, which last sum included both the costs of arbitration, and the costs of a former suit mentioned in the submission ;—that in *March* 1823, the plaintiff's counsel handed him back the award, requesting him to give the parties a further hearing, and observing that the Court did not allow costs ;—that thereupon he notified the parties to attend at a further hearing ; but the defendant not attending, and the plaintiff introducing no new evidence, he made the award declared on, in which he awarded for the plaintiff the sum of $68,05, *as damages*, being the amount of the former damages and costs, with eight dollars added for costs of arbitration subsequent to the former award ;—and that after making the first award, supposing his authority determined, he conversed freely respecting it, with the plaintiff and his counsel, and told them he thought the defendant in the wrong. It also appeared that the plaintiff had commenced a suit on the first award at *August* term 1822, which he discontinued for want of proof of notice to the defendant, though such proof was afterwards discovered to exist.

*Allen*, for the plaintiff, now moved that the nonsuit be set aside; and he contended,—1st. That the authority of the arbitrator continued till revoked ; for which he cited 16 *Johns*. 205 ;—and 2d. That the costs were within a reasonable construction of the power of the arbitrator, this mode of terminating controversies being to be favored, and entitled to a liberal exposition, for the public good. The better authorities are in favor of the allowance of costs ;—*Cutter v. Whittemore* 10 *Mass*. 442. *Kyd* 152. 14 *Johns*. 161—and this Court being confined by no decisions to the contrary, he contended that this enlarged construction of the power of arbitrators was most consonant with the maxim *interest reipublicæ ut sit finis litium.*

*Stebbins* for the defendant, rested his argument on the position that the arbitrator's office ceased with the publication of the first award ; after which all the proceedings were *coram non judice* ; and that the submission was a private contract, involving no power to award costs. The *dicta* in the books which seem to the contrary, relate wholly. to rules at *nisi prius.* 1 *Com. Dig. Arbitrement E.* 1, 2.

MELLEN C. J. at the succeeding term at *Augusta,* delivered the opinion of the Court.

In this, as in other actions of *assumpsit,* the general issue is a denial of all the material facts stated in the declaration, and renders it necessary for the plaintiff to prove them. On this issue, then, the defendant may contest the fact of submission,—of making the award, and of notice thereof prior to the commencement of the action; because all these facts are necessary to create an obligation on the part of the defendant to pay to the plaintiff the sum awarded. Hence it was competent for the defendant to prove any fact tending to shew that the arbitrator was not authorized to make the award in question, although the submission had been proved as alleged; and for this reason the objection to the testimony of the arbitrator cannot be sustained, at least so far as it related to the time when, and the circumstances in which, the award was made. The question is whether the arbitrator had any authority to make the award declared on, bearing date *April* 7, *1823.* It appears that pursuant to the submission bearing date *Jan.* 12, 1822, the arbitrator made an award on the 4th of *March,* 1822, delivered it to the plaintiff's counsel, and addressed notice of it to the defendant, though there is no proof that it was ever received; that the arbitrator considered himself discharged of all further trust, and conversed with the plaintiff and his counsel freely on the subject; and as he thinks, expressed his opinion that the defendant was in the wrong.

It further appears that the plaintiff considered the arbitrator as having made his final award, because he commenced an action on the award of *March* 4, 1822, at the *August* term of the Court of Common Pleas next following; and it was admitted by the par-

ties during the argument, that for want of proof of notice to the defendant of the award thus made, the suit was discontinued.—After all this, the submission was handed back to the arbitrator in *March* 1823, who, after having given notice to the parties, proceeded, in the absence of the defendant, to re-examine the cause, and made the award on which this action is founded, and therein awarded eight dollars more to the plaintiff than the amount of the former award, being for costs of the second trial. On these facts, it is difficult to conceive what authority the arbitrator had to make any further decision respecting the questions submitted to him, after he had completed his first award, and delivered it to the plaintiff's counsel. No consent of parties has ever been given for the continuance and exercise of his authority after that time. The authorities on this subject appear to leave no room for doubt. *Cro. Jac.* 584. 4 *East* 584. 6 *East* 309. 8 *East* 53, and *Kyd on Awards* 118—125. On this ground, without noticing any other objection, we are of opinion, that the last award is void, and of course this action cannot be maintained.

The exceptions are overruled, and the judgment of the Court below is affirmed.